IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| **EVELYN K. MATHIS AND RICHARD RAY MATHIS** § § § | | |
| *Plaintiffs*, § § | | |
| v. § | **CIVIL ACTION NO. 7:23-cv-125** | |
| § | | |
| **ELIZON MASTER PARTICIPATION TRUST I, U.S. BANK TRUST NATIONAL ASSOCIATION, OWNER TRUSTEE,** § § § § § | **NON- JURY** | |
| § § § | | |
| *Defendants.* § | | |

**DEFENDANT ELIZON MASTER PARTICIPATION TRUST I, U.S. BANK TRUST NATIONAL ASSOCIATION, OWNER TRUSTEE'S ANSWER AND COUNTERCLAIM**

Defendant Elizon Master Participation Trust I, U.S. Bank Trust National Association, Owner Trustee ("Defendant" or "Elizon") files its Answer to Plaintiff's Original Petition for Bill of Review & Application for Emergency Temporary Ex Parte Restraining Order ("Complaint") and this Counterclaim against Plaintiffs Evelyn K. Mathis and Richard Ray Mathis, and respectfully shows the court as follows:

### I.     ANSWER

**Selection of Discovery Control Plan**

1. With respect to the allegations of paragraph 1 of the Petition, Elizon states that upon removal of this action, the Federal Rules of Civil Procedure applies to all discovery matters.

**Statement of Relief Sought**

2.  Elizon admits the allegations contained in paragraph 2 of the Complaint.

**Parties**

3.  Elizon admits the allegations contained in paragraph 3 of the Complaint.

4.  Elizon admits the allegations contained in paragraph 4 of the Complaint.

**Jurisdiction and Venue**

5.  With respect to the allegations of paragraph 5 of the Complaint, Elizon states that, upon removal of the state court action to this Court, this Court now has jurisdiction over this action, as set forth more fully in the Notice of Removal. Elizon further state that venue is proper in this Court, as the real property that is subject of this lawsuit is located in Midland County, Texas; 28 U.S.C. § 124(7).

**Facts**

6.  Elizon admits the allegations contained in paragraph 6 of the Complaint.

7.  Elizon admits the allegations contained in paragraph 7 of the Complaint.

8.  Elizon is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint.

9.  Elizon is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint.

10. Elizon answers that the quotes from case law and statute contained in paragraph 10 of the Complaint speak for themselves and to the extent they are binding matters of existing law need no admission or denial.

11. Elizon denies the allegations contained in paragraph 11 of the Complaint.

12. Elizon denies the allegations contained in paragraph 12 of the Complaint.

13. Elizon denies the allegations contained in paragraph 13 of the Complaint.

14. Elizon admits the first sentence of paragraph 14 of the Complaint. Elizon denies the remainder of the paragraph.

15. Elizon answers that the quotes from case law and statute contained in paragraph 15 of the Complaint speak for themselves and to the extent they are binding matters of existing law need no admission or denial.

### Plaintiffs' Allegations of No Notice

16. Elizon denies the allegations contained in paragraph 16 of the Complaint.

17. Elizon denies the allegations contained in paragraph 17 of the Complaint.

### Fault and Negligence of Plaintiff

18. Elizon answers that the quotes from case law and statute contained in paragraph 18 of the Complaint speak for themselves and to the extent they are binding matters of existing law need no admission or denial. Elizon denies the allegations contained in paragraph 18 of the Complaint that Plaintiffs failed to receive notice.

19. Elizon denies the allegations contained in paragraph 19 of the Complaint.

### Plaintiffs' Ability to Exercise Due Process Rights

20. Elizon denies the allegations contained in paragraph 20 of the Complaint.

21. Elizon denies the allegations contained in paragraph 21 of the Complaint.

22. Elizon answers that the quotes from case law and statute contained in paragraph 228 of the Complaint speak for themselves and to the extent they are

binding matters of existing law need no admission or denial.  Elizon denies the allegations contained in paragraph 22 of the Complaint that Plaintiffs are entitled to recover any attorney fees.

## Request for Temporary Injunctive Relief

23.  Paragraph 23 of the Complaint is a paragraph where Plaintiffs incorporate previous paragraphs of the Complaint.  Paragraph 23 needs no admission, denial or other response.

24.  Paragraph 23 of the Complaint is Plaintiffs' request for injunctive relief and needs no admission or denial.  Elizon denies that Plaintiffs have a right to request injunctive relief.  Elizon denies that Plaintiffs are entitled to the relief.

25.  Elizon denies the allegations contained in paragraph 25 of the Complaint.

26.  Paragraph 26 of the Complaint is Plaintiffs' request for injunctive relief and needs no admission or denial.  Elizon denies that Plaintiffs have a right to seek and request injunctive relief.  Elizon denies that Plaintiffs are entitled to the relief.

## Request for Permanent Injunctive Relief

27.  Paragraph 27 of the Complaint is a paragraph where Plaintiffs incorporate previous paragraphs of the Complaint.  Paragraph 27 needs no admission, denial or other response.

28.  Paragraph 28 of the Complaint is Plaintiffs' request for trial on the issue of permanent injunction and needs no admission or denial.  Elizon denies that Plaintiffs have a right to permanent injunctive relief.

29.  Paragraph 29 of the Complaint is Plaintiffs' prayer for relief and needs no admission or denial.  Elizon denies that Plaintiffs are entitled to any of the request they seek.

## II.     Affirmative Defenses

30. In addition to the answers provided above, Elizon asserts the following defenses:

31. Plaintiffs have adequate remedies at law;

32. Plaintiffs' claims are governed by rules of exclusivity of contract and the economic loss rule;

33. Plaintiffs are guilty of the first and material breach of contract thereby excusing Elizon's performance;

34. No special relationship or privity between Elizon and Plaintiffs exists that would give rise to any claim;

35. Failure to state a claim upon which relief can be granted;

36. Lack of duty, foreseeability by Elizon;

37. Lack of special relationship between Plaintiffs and Elizon that would give rise to a claim of bad faith;

38. Unclean Hands;

39. Plaintiffs' claims are barred or any failure to perform is excused by the doctrines of affirmation, ratification, and waiver;

40. Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel, judicial estoppel, contractual estoppel and/or quasi estoppel;

41. Plaintiffs have failed to mitigate their alleged damages.

42. Elizon is not liable for the acts, omissions, or conduct of other persons or entities not authorized to act on behalf of them; pleading further, and in the alternative, Elizon is not liable for the acts, omissions, or conduct of its agents who exceeded the scope of their authority.

43. Plaintiffs' damages, if any, were proximately caused by the acts, omissions, or breaches of other persons and entities, including Plaintiffs, and the acts, omissions, or breaches were intervening and superseding causes of Plaintiff's damages, if any.

44. Plaintiffs' damages, if any, were proximately caused by the acts, omissions, or breaches of other persons and entities, including Plaintiffs, and said acts, omissions, or breaches were intervening and superseding causes of Plaintiffs' damages, if any. Elizon asserts its right to comparative responsibility as provided in Chapter 33 of the Texas Civil Practice and Remedies Code and requests that the fact finder apportion responsibility as provided in Chapter 33.

45. Some or all of Plaintiffs' claims are barred by laches.

46. Any alleged wrongful acts or omissions of Defendants, if and to the extent such acts or omissions occurred, were not intentional and resulted from a bona fide error.

47. Any and all claims alleged in the Complaint are barred, in whole or in part, to the extent it seeks an improper punitive, multiple, or exemplary damages award for an alleged single wrong because such an award would violate Defendants' rights guaranteed by the United States Constitution, including, without limitation, the due process and equal protection provisions of the Fourteenth Amendment and the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution, and Defendants' rights to the Due Course of Law under the Texas Constitution.

48. Plaintiffs are not entitled to punitive, multiple, or exemplary damages, and any and all excessive amounts of such damages sought violate chapter 41 of the Texas Civil Practice and Remedies Code, the Texas Constitution and the United States Constitution, all of which set limits on the award of punitive damages. Defendants hereby invoke the caps on damages as provided in

Chapter 41 of the Texas Civil Practice and Remedies Code, the and omissions occurred, were legally excused or justified.

## COUNTERCLAIM

### A.  PARTIES AND JURISDICTION

49. Defendant Elizon Master Participation Trust I, U.S. Bank Trust National Association, Owner Trustee U.S. Bank, National Association ("Elizon" or "Counter-Plaintiff") is the Counter-Plaintiff in this case and may be contacted through its undersigned counsel of record.

50. Plaintiffs/Counter-Defendants Evelyn K. Mathis and Richard Ray Mathis ("Mathis") have previously appeared in this matter and may be served through her counsel of record in this case.

### B.  JURISDICTION AND VENUE

51. This Court has jurisdiction over this cause and the parties, as further detailed in the Notice of Removal. 28 U.S.C. § 1331.

52. On or about January 12, 1995, Evelyn K. Mathis and Richard Ray Mathis obtained title to the real property located at 4312 Nicklaus Street, Midland, Texas 79705 ("Property"), which is legally described as:

> ALL THAT CERTAIN REAL PROPERTY SITUATED IN THE COUNTY OF MIDLAND, STATE OF TEXAS, DESCRIBED AS FOLLOWS:BEING ALL OF LOT TEN (10), BLOCK SIX (6), FAIRWAY PARK ADDITION, AN ADDITION TO THE CITY OF MIDLAND, MIDLAND COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN CABINET B, PAGE 307 OF THE PLAT RECORDS OF MIDLAND COUNTY, TEXAS

A General Warranty Deed with Vendor's Lien showing the conveyance was recorded on January 20, 1995 in the official records of Midland County, Texas in Book 1277, Page 406 ("Warranty

Deed"). A true and correct copy of the Warranty Deed is attached hereto and incorporated herein as Exhibit A.

53. On or about October 4, 2006, Texas Home Equity Fixed/Adjustable Rate Note ("Note") and Texas Home Equity Security Instrument ("Security Instrument" collectively the Note and Deed of Trust are the "Loan") for the benefit of Home123 Corporation to secure repayment of the Note in the amount of $73,500.00. The Security Instrument was recorded on October 18, 2012 in the official records of Midland County, Texas as Instrument No. 2012-22748. True and correct copies of the Note and Security Instrument are attached hereto and incorporated herein as Exhibits B and C, respectively. The Note, and Covenant 14 of the Security Instrument provide that the place for Mathis to receive notices regarding the loan, including notices of default, was the property address: 4312 Nicklaus Street, Midland, Texas 79705

54. Following the execution of the Note and Security Instrument, the instruments changed hands on several occasions, finally being transferred and assigned to Counter-Plaintiff, Elizon. The following is the history of assignments:

| Exhibit | DATE | ASSIGNOR | ASSIGNEE | RECORDING INFORMATION |
|---|---|---|---|---|
| D | March 9, 2011 | Mortgage Electronic Registration Systems, Inc. as Nominee for Home123 Corporation | Consumer Solutions, LLC | Recorded 4/19/2011 Midland County Clerk's Instrument Number 2011-8293 |
| E | October 3, 2012 | Mortgage Electronic Registration Systems, Inc. as Nominee for Home123 Corporation | Consumer Solutions, LLC | Recorded 10/18/2012; Midland County Clerk's Instrument Number 2012-22748[1] |

---

[1] Duplicate Assignment.

| | | | | |
|---|---|---|---|---|
| F | September 30, 2015 | Consumer Solutions, LLC | GRA Legal Title Trust II 2013-1, U.S. Bank, National Association, as Legal Title Trustee | Recorded 10/26/2015; Midland County Clerk's Instrument Number 2015-27882 |
| G | September 30, 2015 | GRA Legal Title Trust II 2013-1, U.S. Bank, National Association, as Legal Title Trustee | GMAT Legal title Trust 2014-1, U.S. Bank, National Association, as Legal Title Trustee | Recorded 10/27/2015; Midland County Clerk's Instrument Number 2015-27882 |
| H | June 15, 2021 | GMAT Legal title Trust 2014-1, U.S. Bank, National Association, as Legal Title Trustee | U.S. Bank, National Association, not in its individual capacity, but solely as Trustee for RMS Series Trust 2020-1 | Recorded 6/16/2021; Midland County Clerk's Instrument Number 18679 |
| I | June 15, 2021 | U.S. Bank, National Association, not in its individual capacity, but solely as Trustee for RMS Series Trust 2020-1 | Elizon Master Participation Trust I, U.S. Bank Trust National Association, as Owner Trustee, | Recorded 6/16/2021; Midland County Clerk's Instrument Number 18754 |

55. The Loan is currently due for the April 1, 2019 payment.

56. Notice of default and intent to accelerate was provided to Mathis at the Property address on or about October 11, 2021, demanding payment of all amounts that were past due. A true and correct copy of said notice of default is attached hereto and incorporated herein as Exhibit J.

57. Notice that the maturity date of the Loan had been accelerated was provided to Mathis on or about March 31, 2016, declaring the entire balance of principal, interest, fees, and any other amounts that may have accrued due and payable. A true and correct copy of the notice of acceleration is attached hereto and incorporated herein as Exhibit K.

C.  **PRIOR STATE COURT HOME EQUITY FORECLOSURE PROCEEDING**

58. As allowed under Texas law, to foreclose its interest, Elizon initiated proceedings in the Midland County District Court under the expedited foreclosure provisions of Texas rule of Civil Procedure 736.  On June 3, 2022, Elizon filed its Application for an Expedited Order under Rule 736 on a Home Equity Loan under Midland County Cause Number CV58606.   The Court in the home equity proceeding signed an order on September 9, 2022 permitting the foreclosure sale to move forward.  A copy of the order is attached as Exhibit L.

59. Despite the order and permission to foreclose, foreclosure was not completed because Richard Mathis instituted a Chapter 13 bankruptcy proceeding in this District and Division on October 31, 2022.  No chapter 13 plan was confirmed and Hon. Shad M. Robinson. United States Bankruptcy Judge dismissed the case on April 3, 2023.

60. Following dismissal of the bankruptcy, Elizon restarted its foreclosure efforts, setting a sale for June 6, 2023.  The sale did not occur because Counter-Defendants filed this action seeking temporary injunctive relief on June 5, 2023, one day before the scheduled sale.

D.  **FIRST CAUSE OF ACTION: BREACH OF CONTRACT**

61. The foregoing paragraphs are incorporated by reference for all purposes.

62. For consideration, Mathis promised to repay the Loan in installments. Mathis breached such promise to the detriment of Elizon. Despite all required notices, Mathis remains in default on their payment obligations under the terms of the Loan.

63. As a direct and proximate result of Mathis' default, Elizon has been injured, which injury is continuing. Accordingly, Elizon is entitled to pursue all remedies available to it under the Loan documents at law and in equity to protect the value of Elizon's collateral.  Elizon is entitled to collect all amounts due and owing under the terms of the Note, Security Instrument, and the other

Loan documents, including, but not limited to, the outstanding principal balance, pre-payment premiums, interest, late charges, tax and insurance amounts, and attorneys' fees, costs, and expenses incurred by Elizon.

64. Monthly installments of principal and interest due April 1, 2019 through present are now delinquent and unpaid.

65. Plaintiff is entitled to judgment for amounts advanced for escrow, taxes, assessments, municipal and utility charges, late fees, loan fees, prior and current foreclosure expenses, property preservation or valuation expenses, insurance and repairs necessary to prevent impairment of the security, and other items which may constitute liens on the Property.

66. As of the date of the final order in the home equity proceeding, the amount required to cure the loan defaults was $52,886.62, the entire loan sum at that date being $125,879.45.

67. Payments, interest, late fees, and other fees necessary for the preservation of Elizon's security interest will continue to accrue on the Loan. These amounts shall be determined by the Court at the time of final hearing in this matter.

68. Under the Texas Constitution, home equity lending in Texas is non-recourse borrowing with the sole remedy of foreclosure. Elizon requests judgment against Mathis for the total sum of principal, accrued and accruing interest, late charges and advances, and any other charges secured by the Loan. Elizon seeks these sums pursuant to Texas law, which allows a creditor like Elizon a single remedy, namely foreclosure.

### E.     SECOND CAUSE OF ACTION: FORECLOSURE

69. The salient foregoing paragraphs are incorporated by reference for all purposes.

70. Elizon asserts a cause of action for foreclosure against Counter-Defendants. The Loan Agreement is a contract, and Elizon fully performed its obligations under it. Mathis, however, did

not comply with the Loan Agreement by failing to substantially perform material obligations required under its terms (principally, the payment of amounts due under the contract, among others).

71. Elizon seeks a judgment for judicial foreclosure allowing it to enforce its lien against the Property in accordance with the Security Instrument and Texas Property Code section 51.002.

72. Alternatively, Elizon seeks a judgment for foreclosure together with an order of sale issued to the Midland County sheriff or constable, or United States marshal, directing the sheriff, constable or marshal to seize and sell the Property in satisfaction of the Loan Agreement debt, pursuant to Texas Rule of Civil Procedure 309.

73. Elizon has been forced to hire the undersigned attorneys to seek an order allowing foreclosure as a result of the default on the Loan Agreement, and Elizon is thus entitled to and seeks judgment against Mathis for its reasonable attorney fees in this action, both through trial and in the event of any subsequent appeal.

74. Elizon reserves its right to amend all allegations of this Answer and Counterclaim.

75. All conditions precedent to Elizon's right to enforce the Loan Agreement and to obtain the relief requested herein have been performed or have occurred.

**WHEREFORE, PREMISES CONSIDERED**, Elizon prays that Plaintiffs take nothing by any claim or cause of action pleaded in their Complaint. Elizon prays that it have and recover judgment against Plaintiff allowing it to proceed with foreclosure in accordance with the Deed of Trust and Texas Property Code section 51.002 or judicial foreclosure under Texas Rule of Civil Procedure 309; and Defendant recover its interest, attorney fees and all costs of suit. Defendant further requests such other and further relief to which it may be entitled.

Respectfully Submitted,
**MCCARTHY & HOLTHUS, LLP**

*/s/ Robert L. Negrin*
Robert L. Negrin / TBN: 14865550
Cole Patton / TBN: 24037247
1255 West 15th Street, Suite 1060
Plano, TX  75075
Phone: 214.291.3800
Fax: 214.291.3801
Rnegrin@mccarthyholthus.com

**ATTORNEYS FOR ELIZON MASTER PARTICIPATION TRUST**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served on plaintiffs' counsel of record via United States First Class mail, postage prepaid, pursuant to the Federal Rules of Civil Procedure on October 17, 2023:

Caleb Stuart
The Stuart Firm
15 Smith Rd., Suite 1002
Midland, Texas 79705

*/s/ Robert Negrin*
Rob Negrin